IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>10 S. Howard Street<br>Third Floor<br>Baltimore, MD 21201<br><br>Plaintiff,<br><br>v.<br><br>CROWN ENERGY SERVICES, INC. d/b/a<br>ABLE ENGINEERING SERVICES<br>West Montgomery Mall<br>7101 Democracy Blvd<br>Bethesda, MD 20817<br><br>Defendant. | CIVIL ACTION NO.<br><br><br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action instituted by the U.S. Equal Employment Opportunity Commission ("The Commission") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1964) et seq. ("Title VII"). The Commission alleges that Defendant Crown Energy Services, Inc. d/b/a Able Engineering Services ("Defendant" or "Able") terminated Carlos Moulden in retaliation for his complaints of discrimination. As a result of this retaliatory treatment, Moulden suffered monetary damages as well as emotional distress.

## JURISDICTION AND VENUE

1. The Commission invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a (1991).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII; it is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended.

4. At all relevant times Defendant Crown Energy Services, Inc. d/b/a Able Engineering Services, a California corporation with a facility at 7101 Democracy Boulevard, Bethesda, Maryland 20817 has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h), as amended.

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit Moulden filed a charge with the Commission alleging that Defendant violated Title VII. All conditions precedent to this lawsuit have been fulfilled.

7. Since at least May 2008, Defendant engaged in unlawful employment practices in its Bethesda, Maryland facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by relocating and subsequently terminating Moulden in retaliation for his opposition to practices made unlawful by Title VII, as follows:

   a. In early May, 2008 Moulden shared with Defendant that one of its lucrative clients was committing race discrimination and sexual harassment against certain employees and independent contractors at the Bethesda facility.

   b. Shortly thereafter, Defendant advised Moulden that it was forcing him to relocate to another facility where the harasser was not present and that Moulden would have to reapply for his job at that new facility.

   c. Moulden informed Defendant that he opposed the relocation and was terminated shortly thereafter, on May 30, 2008.

8. The effects of the practices complained of in paragraph 7 have been to deprive Moulden of equal employment opportunities and otherwise adversely affect his status as an employee.

9. The unlawful employment practices complained of in paragraph 7 were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to Moulden's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from retaliating against any person for

opposing practices made unlawful by Title VII or participating in an investigation related to Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D. Order Defendant to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment, and retaliation.

E. Order Defendant to institute and carry out training programs which shall promote employee and supervisor accountability, imposing on all personnel a duty to actively monitor its work areas to ensure compliance with policies on non-discrimination. The training shall instruct all employees to report any incidents and/or complaints of unfair discrimination, harassment, or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant to post equal employment opportunity notices in conspicuous locations at all of its facilities.

G. Order Defendant to make Moulden whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

H.  Order Defendant to make Moulden whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, in amounts to be determined at trial.

I.  Order Defendant to make Moulden whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

J.  Grant such further relief as the Court deems necessary, proper, and in the public interest.

K.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

_____
Debra M. Lawrence
Acting Regional Attorney (Fed. Bar # 04312)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
JOHN ALVIN HENDERSON (Fed. Bar # 28419)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor

Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)